

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIE BROWN,
*Plaintiff*,

AQUIL BYRD, et al.,
*Defendants*.

CIVIL ACTION
NO. 18-0907

**MEMORANDUM**

JONES, II   J.                                                    FEBRUARY 15, 2019

Pending before the Court is Defendant United States of America's ("Defendant United States") Motion to Dismiss the Amended Complaint of *pro se* Plaintiff Willie A. Brown ("Brown") pursuant to Rules 8(a), 12(b)(1), 12(b)(6), and 41(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion is granted.

**STANDARD OF REVIEW**

In deciding a Rule 12(b)(6) motion, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted). In the context of a *pro se* complaint, courts should consider the most liberal, but reasonable, construction of the complaint possible. *Davis v. City of Philadelphia*, 2013 WL 1187086, at *2 (E.D. Pa. Mar. 22, 2013) (citing *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007)).

Nevertheless, whether counseled or *pro se*, a complaint based upon "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v Iqbal*, 556 U.S. 662, 678 (2009)). This standard, which applies to all civil cases, requires

1

"sufficient factual matter to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007)).

However, where a defendant facially attacks a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction, a plaintiff must prove that the court has jurisdiction. *Gould Electronics Inc. v U.S.*, 220 F.3d 169, 178 (3d Cir. 2000). Unlike the 12(b)(6) context, where a facial jurisdictional attack has been made, the allegations in a complaint are not entitled to any deference. A complaint may be dismissed pursuant to Rule 12(b)(1) where it is "wholly insubstantial and frivolous." *Id.* (internal citations omitted).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 13, 2017, Brown claims that he was walking home when he was "accosted by Philadelphia Police Officer, Defendant Aquil Byrd." (ECF No. 5, ¶ 8). Brown contends that Defendant Byrd illegally searched him and placed him under arrest "for possession of a small amount of marijuana." (ECF No. 5, ¶ 10). Brown then had to remain in the back of Defendant Byrd's unmarked police vehicle while he "continued to make more arrests." (ECF No. 5, ¶¶ 9, 11). Brown believes Defendant Byrd arrested him in retaliation for Brown's previous suit against the City of Philadelphia and/or Philadelphia Police Department. (ECF No. 5, ¶ 14). He claims that Defendant Byrd's actions resulted from "the policy and practice promulgated by the defendant [sic] To [sic] institute and pursue legal action without probable cause." (ECF No. 5, ¶ 15).

On March 9, 2018, Brown filed a Complaint against Defendant Byrd, the City of Philadelphia, the Philadelphia Police Department, and the United States of America pursuant to §§ 1983, 1985, 1988 and 46 U.S.C. § 31104 for the alleged violation of his rights under Article 1 § 8 of the Pennsylvania Constitution and the Fourth and Fourteenth Amendments of the Constitution. (ECF No. 3, ¶ 1). Brown filed an Amended Complaint on April 4, 2018, and now seeks declaratory and injunctive relief as well as compensatory and punitive damages against Defendant United States for: (1) false imprisonment, (2) conspiracy to deprive him of his constitutional rights, (3) failure to intervene, (4) intentional infliction of emotional distress, and (5) a claim pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for an unlawful search and seizure. (ECF No. 5).[1]

Defendant United States filed the instant motion seeking dismissal of the Amended Complaint due to Brown's inadequate pleading, the Court's lack of subject matter jurisdiction, a failure to state a claim, and failure to prosecute. (ECF No. 8, p. 1). For the reasons set forth below, the motion is granted, and the Amended Complaint dismissed as to Defendant United States with prejudice.

## **DISCUSSION**

Brown alleges that his state and federal constitutional rights were violated by Defendant United States when he was unlawfully searched and arrested in retaliation for filing a lawsuit against the City of Philadelphia and/or the Philadelphia Police Department. Defendant United States argues, in part, that it is not amenable to suit under any of the legal theories raised by

---

[1] Brown initially sought *in forma pauperis* status. (ECF No. 1). The Court twice denied Brown's application to proceed *in forma pauperis* due to insufficient information about his financial status. Brown now proceeds with his case having paid the civil filing fee. (*See* ECF Nos. 1, 4; *see also* Docket Entry dated May 8, 2018).

3

Brown, and therefore is not subject to this Court's jurisdiction. Brown attempts to use the Public Vessels Act as a means of circumventing Defendant United States' sovereign immunity.

Given, Brown's *pro se* status, the Court liberally construed the Amended Complaint for any plausible means by which Defendant United States could be made amenable to suit. The Court first considered the Public Vessels Act based on Brown and Defendant United States' arguments. The Court then reviewed case law relevant to sovereign immunity in the § 1983 and *Bivens* contexts. The Court will address these laws and legal theories in turn, but none provide a basis for this Court to exercise subject matter jurisdiction over Defendant United States.

It is beyond axiomatic that the United States, as a sovereign, is immune from suit absent an "unequivocally expressed" consent to be sued. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *accord United States v. Sherwood*, 312 U.S. 584, 586 (1941). The United States has provided such consent in the Public Vessels Act, which permits a civil action in admiralty or an impleader to be filed against the United States for "(1) damages caused by a public vessel of the United States; or (2) compensation for towage and salvage services, including contract salvage, rendered to a public vessel of the United States. *Id.* at §§ 31101(a)(1), (2). Stated differently, the Public Vessels Act permits suits against the United States for claims arising from the operation of "public vessels," that are owned or operated by the United States.

In Count VI of the Amended Complaint, Brown asserts a claim for intentional infliction of emotional distress pursuant to the Public Vessels Act. (ECF No. 5, ¶¶ 32-33). He attempts to fall under the protections of the Public Vessels Act by arguing that "Defendant [United States of America] is liable for damages caused by a Public Vessel of the United States of America, Inc." (ECF No. 5, ¶ 33). Regardless of whether Brown is referring to Defendant Byrd or the unmarked police car that he rode in subsequent to his arrest, the Public Vessels Act does not apply. Courts

4

have repeatedly held that a "vessel" as used in the Public Vessels Act refers to a "'ship, brig, sloop, or other craft used—or capable of being used—to navigate on water.'" *Minford v. Berks County (Inc.)/County of Berks (Inc.)*, No. 14-mc-224, 2014 WL6969600 (E.D. Pa. Dec. 9, 2014) (quoting Black's Law Dictionary 1793 (10th Ed. 2014). Consequently, the Public Vessels Act does not – and indeed cannot – apply to Brown's claims.

The Court will now address Brown's *Bivens* claim and his remaining claims filed under § 1983. Counts I-III for false imprisonment, conspiracy to deprive constitutional rights, and failure to intervene are all filed pursuant to § 1983. (ECF No. 5, ¶¶ 8-19). Count VII, entitled a "State Law Claim Respondeat [sic] Superior," is in substance a *Bivens* claim. (ECF No. 5, ¶ 34-37). Congress has not abrogated the United States' sovereign immunity in either context.[2] *See, e.g., Johnson v. U.S.*, 469 Fed. Appx. 79, 81 (3d Cir. 2012) (the United States is immune from § 1983 claims); *Webb v. Desan*, 250 F. App'x 468, 471 (3d Cir. 2007) (the United States is immune from *Bivens* claims absent an express waiver); (*accord Correctional Services Corp. v. Malesko*, 534 U.S. 61, 78 (2001) ("*Bivens* presumed impossible: a direct action against the Government") (internal quotations omitted).

Consequently, as Defendant United States is not amenable to suit pursuant to the Public Vessels Act, § 1983, or *Bivens*, Brown's Amended Complaint as to Defendant United States is "wholly insubstantial and frivolous." *Gould*, 220 F.3d at 178. The Court need not address Defendant United States' alternative arguments under 8(a), 12(b)(6), and 41(b) because Brown is unable to establish subject matter jurisdiction in accordance with Rule 12(b)(1).

---

[2] Counts IV and V for malicious prosecution and civil conspiracy, respectively, are directed towards Defendant City of Philadelphia and Defendant Philadelphia Police Department. However, even if they were directed at Defendant United States, they would still be barred as a matter of law on sovereign immunity grounds.

## CONCLUSION

The Amended Complaint is dismissed with prejudice against Defendant United States for a lack of subject matter jurisdiction. Congress has not abrogated the United States' sovereign immunity in any statutory or legal context set forth in the Amended Complaint. The Court will not grant Brown leave to amend as doing so would be futile. *Berkery v. Wissahickon School Dist. Bd. of Directors*, 628 Fed. Appx. 109, 112 (3d Cir. 2015). An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II
C. DARNELL JONES, II  J.

ENT'D FEB 1 5 2019